Curia, per O’Neall, J.
The act of 1789, P. L. 482, applies to^ cases where the executors of a will are dead, or refuse to qualify, as well as tó cases of intestacy. By it, the ordinary is compelled to grant administration in the order prescribed. The appellee, as a grandson of the deceased is, in a class, preferred to mere next of kin. Of these last, in a case of intestacy, such as - may be entitled to a distributive share, would be, entitled to- administration; but *289 this provision does not apply where there is a will. In the case of the next of kin, as a class entitled to administration, the ordinary might select one, preferring among them (as he most probably would) he who had an interest under the will. But as against a stranger, any of the enumerated persons in the statute are entitled to preference, and the ordinary would be bound to so commit administration. According to Thompson v. Huchet, 2 Hill. 347, he would at the instance of any of these parties, be bound to revoke administration committed to a -stranger, and grant it to the applicant. Indeed, according to that case, a stranger, to whom administration is committed, is the mere nominee of the ordinary, and he may revoke his appointment and commit it to another. In that view, I am disposed to concur. But it is sufficient for this case, that the appellee is entitled by law to the administration, in preference to the appellant — and that to fulfil the law, the ordinary did right in revoking the appellant’s administration and committing it to the appellee.
Young, for the motion.
The motion for a new trial is dismissed.
RiciiaRdson, Evans, Butler and Earle, Justices, concurred.